IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CX REINSURANCE COMPANY LIMITED *
 *
v. * Civil No. – JFM-16-3313
 *
STANLEY E. SUGARMAN, ET AL. *
******

MEMORANDUM

Defendants have filed a motion for summary judgment to which plaintiff has filed a cross-motion. Defendants' motion will be denied, and plaintiff's cross-motion will be granted.

I do not reach the question of who has the burden of proof. Regardless of who has the burden, plaintiff's interpretation of the contract law is clearly correct. As stated by plaintiff, "the correct reading of . . . §II(b) . . . is that it requires one plus two (plus three or four)." Because only bodily injury is claimed, a State licensed physician or other State licensed healthcare provider must *first* diagnose "a level in blood, bone, or body tissue in excess of the 'safe level.'" It is undisputed that the plaintiff in the underlying tort action, Adonas Tevez Dorsey, was diagnosed with a blood level in excess of the "safe level" of ten micrograms of lead per deciliter of blood." The policy provides that this level is "as prescribed by the Centers for Disease Control," and the CDC presently takes a position that "no safe blood lead level in children has been identified." There is no basis in the evidence for concluding that the parties desire to condition coverage on the CDC's evolving view of what constitutes a "safe level." Rather, the phrase " as prescribed by the Centers for Disease Control" merely states the original source of the defined value which was commonly accepted as the appropriate benchmark at the time plaintiff's policies was issued. Moreover, it would appear that if the CDC's evolving interpretation of "safe level" were the proper interpretation of the contract, the undisputed

diagnosed with blood levels in excess of the safe level on many occasions prior to the policy period.

Defendants have also filed a motion to stay proceedings. I am satisfied that plaintiff would be prejudiced by the granting of the motion in light of the fact that it is defending defendants in the underlying tort action.

A separate order effecting the rulings made in this memorandum is being entered herewith.

Date: April 25, 2017

J. Frederick Motz
United States District Judge